Compañía Azucarera del Toa, Plaintiff and Appellant,
*v.* Galán et al., Defendants and Appellees.

Appeal from the District Court of San Juan *in Re* a Memorandum of Costs.

No. 2496.—Decided July 3, 1922.

Costs—Final Judgment.—The Supreme Court affirmed a judgment of the lower court in regard to its action on the first count of the complaint, but reversed the judgment for failure of the court to find on the second count. On the ground that the judgment appealed from contained a pronouncement for costs against the plaintiff, the defendant filed his memorandum which was approved. The order approving the memorandum having been appealed from, *held:* That as the original judgment for costs was not final, the order fixing the amount of costs was premature.

The facts are stated in the opinion.
*Mr. F. Soto Gras* for the appellant.
*Mr. L. Llorens Torres* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

Our previous action in this case was a dismissal because

we did not have the final judgment before us. The parties have now brought up the alleged final judgment and are agreed that it contained a clerical error in awarding costs to the complainant instead of the defendant. The original judgment which we reversed thus contained a pronouncement for costs against the complainant. This Court, however, as pointed out in our previous decision, had formerly reversed the judgment and sent the case back for further proceedings not inconsistent with the opinion then written. While we then affirmed the judgment of the court below in regard to its action on the first count of the complaint, we reversed the judgment for failure of the court to find on the second count. Thus there was no final determination of the action.

Section 188 of the Code of Civil Procedure says that a judgment is a final determination of the rights of the parties in an action or proceeding. A defendant is only entitled to costs when he has a judgment as defined, determining his rights. His rights would be determined when the complaint was finally dismissed. The order fixing costs in this case was therefore premature.

Perhaps we should again dismiss the appeal because the court below was without jurisdiction to render the order, but as neither party is questioning our jurisdiction, as there was a recorded judgment under which the court below purported to act and as the proceedings in the court below would have to be the same, we shall reverse the order appealed from as being premature and send the case back for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.